NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 05-4857

_____

IN RE: ONCO INVESTMENT COMPANY, ET AL.

MW POST PORTFOLIO FUND LTD.; DB DISTRESSED
OPPORTUNITIES FUND LTD.; POST OPPORTUNITY
FUND L.P.; POST TOTAL RETURN FUND L.P.; HFR
DS OPPORTUNITY MASTER TRUST; OPPORTUNITY FUND LLC;
MW POST OPPORTUNITY OFFSHORE FUND LTD.; SOUTH
DAKOTA INVESTMENT COUNCIL; CONCORDIA MAC29 LTD; JME OFFSHORE
OPPORTUNITY FUND LTD; OFFSHORE OPPORTUNITY
FUND II LTD; RESTORATION CAPITAL MANAGEMENT LLC;
RESTORATION HOLDINGS LTD.; LITESPEED MASTER FUND;
MW POST PORTFOLIO FUND LTD, ET AL.,
Appellants

v.

NORTHWEST BANK MINNESOTA, NATIONAL ASSOCIATION
as Indenture Trustee for the 10% Senior Subordinate Notes Due
February 1, 2009 of Oglebay Norton Company also known as Wells
Fargo Bank MN National Association; OGLEBAY NORTON COMPANY;
DEPOSITORY TRUST COMPANY
Appellees

_____

On Appeal From the United States
District Court
For the District of Delaware
(D.C. Civil Action Nos. 04-cv-01543, 04-cv-01544, 04-cv-01545, 04-cv-01546)
District Judge: Hon. Sue L. Robinson

_____

Argued: November 8, 2006

BEFORE: SCIRICA, Chief Judge, McKEE and
STAPLETON, Circuit Judges

(Opinion Filed January 24, 2007)

———

Brian A. Sullivan
Amy D. Brown
Werb & Sullivan
300 Delaware Avenue - 13th Floor
P.O. Box 25046
Wilmington, DE 19899
 and
Bruce Bennett
James O. Johnston (Argued)
Joshua M. Mester
Hennigan, Bennett & Dorman
865 South Figueroa Street - Suite 2900
Los Angeles, CA 90017
 Attorneys for Appellants

William Weintraub
Laura D. Jones
Pachulski, Stang, Ziehl, Young, Jones & Weintraub
919 North Market Street - 16th Floor
P.O. Box 8705
Wilmington, DE 19801
 and
Richard W. Reinthaler
Dianne F. Coffino (Argued)
Dewey Ballantine
1301 Avenue of the Americas
New York, NY 10019
 Attorneys for Appellees Wells Fargo Bank, National Association
 and Oglebay Norton Company

Daniel J. DeFranceschi
Richards, Layton & Finger
One Rodney Square
P.O. Box 551 Wilmington, DE 19899
 and Heather Lennox
Jones Day 901 Lakeside Avenue
Cleveland, Ohio 44114
 Attorneys for Appellee Oglebay Norton Company

Mark E. Felger
Jeffrey R. Waxman
Cozen & O'Connor
1201 Market Street - Suite 1400
Wilmington, DE 19801
 and
Gregg M. Mashberg (Argued)
Proskauer Rose
1585 Broadway
New York, NY 10036
 Attorneys for Appellee Depository Trust Co.

_____

OPINION OF THE COURT

_____

STAPLETON, Circuit Judge:

Appellants are holders of Senior Notes issued by Oglebay Norton Company

("Oglebay") under a Senior Secured Note Purchase Agreement ("Senior Noteholder

Agreement"). After Oglebay filed for Chapter 11 bankruptcy, appellants commenced this

adversary proceeding in the Bankruptcy Court to contest their treatment under Oglebay's

proposed plan of reorganization. In addition to Oglebay, appellants named as defendants

Wells Fargo Bank ("Wells Fargo"), in its capacity as Indenture Trustee for holders of

certain subordinated notes that Oglebay had issued, and Depository Trust Company

("DTC"), in its capacity as disbursing agent for property to be distributed to the

subordinated noteholders under the plan. Appellants sought three forms of relief: (1) a

declaration against all defendants that no distributions could be made to subordinated

noteholders under the plan unless and until Oglebay fulfilled all of its obligations to

appellants; (2) an order requiring Wells Fargo and DTC to turnover any property they

received from Oglebay for the benefit of the subordinated noteholders, to the extent

necessary to satisfy Oglebay's obligations to appellants; and (3) money damages against

Wells Fargo and DTC in the amount of the value of any property they received from

Oglebay for the benefit of the subordinated noteholders.

The Bankruptcy Court ruled against appellants on the merits of their claims in both

the adversary and Chapter 11 proceedings, and subsequently confirmed Oglebay's

proposed plan of reorganization. Appellants thereafter appealed the Bankruptcy Court's

final judgment in the adversary proceeding to the District Court, but chose not to appeal

the Confirmation Order entered by the Bankruptcy Court in the Chapter 11 proceeding.

The District Court dismissed the appeal on constitutional mootness grounds, and this

timely appeal followed.[1]  We will affirm the judgment of the District Court for essentially

the same reasons set forth in its well-reasoned opinion.

---

[1]Appellants do not challenge the District Court's mootness finding with respect to their claim for declaratory relief.

We agree with the District Court that appellants' claims for turnover and money damages against Wells Fargo are moot. Because Wells Fargo was replaced by DTC in the chain of property distribution, it never received any property under the Plan for the benefit of the subordinated noteholders. We also agree with the District Court that appellants' turnover claim against DTC is moot because DTC has, in accordance with the Plan, already distributed all of the property at issue to the subordinated noteholders. Although appellants successfully negotiated with Oglebay to include a "savings clause" in the Plan which appellants insist was intended to preserve their right to litigate this appeal, a jurisdictional defect such as mootness cannot be overcome by agreement of the parties. *See In re DiGiorgio*, 134 F.3d 971, 974-75 (9th Cir. 1998).

Finally, while we would not characterize appellants' claim for money damages against DTC as "non-justiciable," as did the District Court, we agree with its observation that appellants have failed to state a damage claim against DTC upon which relief can be granted. Simply put, appellants have failed to identify the source of the duty DTC is alleged to have violated. They insist that DTC had a duty to turn over the property it received on account of the subordinated noteholders (or pay the equivalent amount in money damages) to appellants under the Senior Noteholder Agreement. DTC was not a party to the Senior Noteholder Agreement, however, and its responsibility under the Plan was limited to making distribution in accordance with the final, court-approved Plan, a task which it concededly performed.

Contrary to appellants' argument, the savings clause of the Plan did not create or

preserve any liability on the part of DTC. That clause provided: "Notwithstanding

anything to the contrary contained in this Section XI.C. [relating to the termination of

certain subordination rights and settlement of related claims and controversies], any and

all rights, arguments and defenses relating to the subordination provisions contained in

the [Indenture] are expressly preserved solely for the holders of [the Senior Notes and a

class of the subordinated noteholders], the Debtors, the Reorganized Debtors, the

Indenture Trustee and the Creditors' Committee and shall be enforced in accordance with

a Final Order of the Bankruptcy Court resolving the parties' respective rights under such

subordination provisions." App. at 118. "Final Order" is defined in the Plan as follows:

> an order or judgment of the Bankruptcy Court, or other court of competent
> jurisdiction, as entered on the docket in the Chapter 11 Cases or the docket
> of any other court of competent jurisdiction, that has not been reversed,
> stayed, modified or amended, and as to which the time to appeal or seek
> certiorari or move for a new trial, reargument or rehearing has expired, and
> no appeal or petition for certiorari or other proceedings for a new trial,
> reargument or rehearing has been timely taken, or as to which any appeal
> that has been taken or any petition for certiorari that has been timely filed
> has been withdrawn or resolved by the highest court to which the order or
> judgment was appealed or from which certiorari was sought or a new trial,
> reargument or rehearing shall have been denied or resulted in no
> modification of such order.

App. at 99.

The savings clause envisioned the following chronology of events: (a) appellants'

subordination rights and arguments would be finally resolved and enforced by court

order; (b) the entry of a final order resolving appellants' subordination rights and

6

arguments would cut off the savings clause; (c) the Plan would be consummated; and (d) DTC would receive and distribute property in accordance with the Plan. Events in fact unfolded in accordance with this chronology. Appellants affirmatively chose to raise the subordination issues in the Chapter 11 proceeding, as well as the adversary proceeding, and the Bankruptcy Court proceeded to adjudicate the merits of those issues in both proceedings. It then issued an order in the Chapter 11 proceeding resolving those issues and confirming the Plan. That order became final when the appellants failed to appeal it, and DTC then, quite properly, distributed the property it received in accordance with the final, court-approved plan. Appellants have identified no basis for imposing damage liability on DTC, and we perceive none.

The judgment of the District Court will be affirmed.